IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MICHAEL A. EVANS,**

    **Plaintiff,**

vs.                                           **CASE NO. 3:08CV372-LAC/AK**

**OKALOOSA COUNTY, FLORIDA,**
**et al,**

    **Defendants.**

                                  /

**O R D E R**

Presently before the Court is Plaintiff's Motion to Proceed IFP, with affidavit of financial status. (Doc. 11). Having considered said motion and affidavit, the Court is of the opinion that the motion should be **GRANTED**.

However, from a review of the complaint, it is evident that the facts as presented fail to state a claim upon which relief can be granted. As an initial matter, Plaintiff attached pages to the form complaint rather than complete the form as provided which requests pertinent information necessary to aid the Court in its determination of the viability of the claims and to have the complaint served, if necessary. Attachments are not prohibited, but should be supplemental information not intended to replace the form as structured. Consequently, Plaintiff shall complete the form and provide the information requested.

For example, addresses for service of process must be provided or the Court cannot have the defendants served.  (See p. 2).  If Plaintiff has filed habeas cases raising the same or similar issues or facts involved in this case as he suggests, he should identify them by case number, date, and court, or attach the orders rendered in these case.  (See pp. 3 and 4).

Plaintiff claims that the city ordinances prohibiting open container of alcohol and possession of marijuana are unconstitutional, but he does not explain why they are unconstitutional and since these are typical criminal violations prohibited by both state and federal laws nationwide it is unclear to the Court what Plaintiff's precise claims are. If he is complaining that they were **enforced** against him unconstitutionally, his claims must be asserted against those **persons** who enforced the laws against him.

In order to assert a claim against a city or county for constitutional violations, Plaintiff must show that a custom, policy or practice of the city/county resulted in the constitutional violations of which they complain.  It is well settled law that municipal liability for deprivation of civil rights must be predicated upon a policy or custom.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 (1978).  A custom may be found "even though such a custom has not received formal approval through the [city's] official decisionmaking channels."  Id., at 690-91.  'Although not authorized by written law, such practices of state officials may well be so permanent and well settled as to constitute a "custom or usage" with the force of law."" Id., at 691, quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 1677-68 (19707).  Liability may also attach to the city when "a series of decisions by a subordinate official manifest[s] a 'custom or usage' of

**No. 3:08cv372-LAC/AK**

which the supervisor must have been aware." City of St. Louis v. Praprotnick, 485 U.S. 112, 130 (1988).  However, a plaintiff cannot simply allege that such a policy exists, he must show that the course of action was "consciously chosen," or "officially sanctioned or ordered." Villanueva v. City of Fort Pierce, 24 F. Supp.2d 1364, 1368 (S.D. Fla. 1998), *quoting* Pembaur v. City of Cincinnati, 475 U.S. 469 (1986).  Further, the policy must be the cause or "moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981).

Proof of a single incident is generally not sufficient to impose liability under Monell.  City of Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985) (there is an exception if the act is made by the policymaker and premised upon an existing policy).  See also Gilmere v. City of Atlanta, 737 F.2d 894, 904 (11th Cir. 1984).  Plaintiff recites one incident involving unnamed police officers who found marijuana on his person and an open container of alcohol and arrested him.  No unconstitutional policy or practice is apparent in the set of facts provided.

Finally, Plaintiff seeks damages related to a conviction for which he was found guilty.  Generally, a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).  Also, the existence of probable cause is an absolute bar to a section 1983 suit for false arrest.  Rankin v. Evans, 133 F.3d 1425, 1435 (11th Cir. 1998); Ortega v. Christian, 85 F.3d 1521, 1525 (11th Cir. 1996); Marx v. Gumbinner, 905 F.2d 1503, 1506 (11th Cir. 1990).  See also Kingsland v. City of Miami, 2004 WL 1050743 (11th Cir. (Fla)).  The

standard for determining whether probable cause exists in the Eleventh Circuit is the same standard under Florida and federal law -whether " 'a reasonable man would have believed [probable cause existed] had he known all of the facts known by the officer.' " United States v. Ullrich, 580 F.2d 765, 769 (5th Cir. 1978), *quoting* State v. Outten, 206 So.2d 392, 397 (Fla. 1968). Plaintiff admits that he was walking with an open container of beer when stopped and that marijuana was found on him. Thus, there are a number of problems with the claims asserted by the Plaintiff that he must address in a second amended complaint or consider dismissing his lawsuit.

To amend his complaint, Plaintiff must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the amended complaint must contain all of Plaintiff's allegations and should not in any way refer to the original or amended complaints. An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file the amended complaint in the Court and keep one identical copy for himself. Plaintiff need not file service copies until instructed to do so by the court.

Accordingly, it is hereby

**ORDERED:**

1. The clerk of court shall forward to Plaintiff another Section 1983 form.

2. Plaintiff must respond to this order by **January 26, 2009.**

**No. 3:08cv372-LAC/AK**

3. **Failure of Plaintiff to respond to this order or submit the requested information or explain his inability to do so will result in a recommendation to the District Judge that this action be dismissed.**

4. Plaintiff's motion for IFP (doc. 11) is **GRANTED**.

**DONE AND ORDERED** this  *8th*  day of January, 2009.

                *s/ A. KORNBLUM*
                **ALLAN KORNBLUM**
                **UNITED STATES MAGISTRATE JUDGE**