IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**MICHAEL A. EVANS,**

    **Plaintiff,**

**vs.**                                                                                  **CASE NO. 3:08CV372-LC/AK**

**OKALOOSA COUNTY, FLORIDA,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that ordinances in the City of Fort Walton Beach, which prohibit open container of alcohol and possession of marijuana, are unconstitutional. (Docs. 1 and 10). Plaintiff has yet to explain why these ordinances are unconstitutional or to name those persons whom he claims applied or instituted these ordinances. It has been explained to Plaintiff in several orders that he must state his claims more precisely or his complaint will not be served by the Court, (docs. 8, 12, 15, 17), but he continues to argue with the processes required of him and he has still not provided a second amended complaint which could be served. (Docs. 9, 14, 16, and 18).

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney.  <u>Wright v. Newsome</u>, 795 F.2d 964, 967 (11th Cir. 1986), *citing* <u>Haines v. Kerner</u>, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972).  However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  <u>Worst v. Hart</u>, 1995 WL 431357, *2 (N.D. Fla. 1995).  It cannot be assumed that a Plaintiff will prove facts which have not been alleged.  <u>Quality Foods de Centro America</u>, 711 F.2d at 995, *citing* <u>Associated General Contractors of California, Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983).  Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." <u>Leeds v. Meltz</u>, 85 F.3d 51, 53 (2d Cir. 1996).  Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it.  <u>Peterson v. Atlanta Housing Auth.</u>, 998 F.2d 904, 912 (11th Cir. 1993).

Plaintiff is complaining that common city ordinances against drinking in public and possessing marijuana are unconstitutional.  He has repeatedly failed to provide more facts, identify his constitutional claims, or provide information necessary to process his case.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

**No. 3:08cv372-LC/AK**

amended complaint, doc. 10, be **DISMISSED** for failure to state a claim upon which relief may be granted and for failure to prosecute.

**IN CHAMBERS** at Gainesville, Florida, this **25th** day of June, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 3:08cv372-LC/AK**